IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY C. MOORE,

    Plaintiff,                                  OPINION AND ORDER

    v.                                                     12-cv-472-wmc

RYAN TOBIAZ, LIEUTENANT RYMARKIWICZ,
CAPTAIN BAUER, TONI MELI, DAWN LANDERS,
MARTHA BREEN, LORI ALSUM O'DONOVAN,
CAPTAIN O'DONOVAN, OFFICER PELKO,
WARDEN WILLIAM POLLARD, CAPTAIN HOLMS,
JEFFREY GARBELMAN, and MS. KAMHAIS,

    Defendants.

---

RODNEY C. MOORE,

    Plaintiff,                                  OPINION AND ORDER

    v.                                                     12-cv-612-wmc

LORI ALSUM, BELINDA SCHRUBBE,
CAPTAIN BAUER, CAPTAIN HOLMS,
WARDEN WILLIAM POLLARD, and
RYAN TOBIAZ,

    Defendants.

---

RODNEY C. MOORE,

    Plaintiff,                                  OPINION AND ORDER

    v.                                                     12-cv-714-wmc

WARDEN WILLIAM POLLARD,
JEFFREY GARBELMAN, RYAN TOBIAZ,
LORI ALSUM, TONI MELI, MS. KAMHAIS,
and CAPTAIN O'DONOVAN,

    Defendants.

RODNEY C. MOORE,
                Plaintiff,                       OPINION AND ORDER

    v.                                                 13-cv-138-wmc

DEPARTMENT OF CORRECTIONS,
CAPTAIN BAUER, LORI ALSUM O'DONOVAN,
CAPTAIN O'DONOVAN, LIEUTENANT
HEIDLMAN, LIEUTENANT SCHNEIDER,
TONI MELI, WARDEN WILLIAM POLLARD,
N. KAMPHUIS, BELINDA SCHRUBBE,
LIEUTENANT RYMANKIWIZ, SERGEANT
ANDREWS, AND OFFICER GAU,
                Defendants.

State inmate Rodney Moore has filed these complaints under 42 U.S.C. § 1983, against prison officials, health care workers and correctional officers employed by the Wisconsin Department of Corrections at Waupun Correctional Institution, where Moore is currently incarcerated. In each case, Moore also seeks leave to proceed *in forma pauperis* and requests assistance with locating or recruiting *pro bono* counsel to represent him, among other things. Having been barred by the three-strikes rule found in 28 U.S.C. § 1915(g), Moore's motion for leave to proceed as a pauper will be denied.

2

ALLEGATIONS OF FACT

For purposes of this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts:[1]

Moore is presently incarcerated for multiple felony convictions. Most recently, Moore was convicted and sentenced to 15 years' imprisonment on June 9, 2006, in *State v. Moore*, Dane County Case No. 05CF1306. At all times relevant to the above-referenced complaints, Moore has been in custody at the Waupun Correctional Institution (WCI).

In the first lawsuit referenced above (12-cv-472-wmc), Moore alleges that a psychologist (defendant Ryan Tobiaz) has "tortured" him during group therapy sessions in 2009, and placed his life in danger in ways that are not clear. Moore also reports that he has been the subject of numerous "tickets" that were based on "perjury." As a result, he lost his job assignment. Moore alleges that he has been denied vitamins, legal loans and adequate treatment for depression. Moore further objects to his classification, cell assignment, and the adequacy of his medical care. In addition, Moore contends that his medical records have been tampered with or altered. Finally, Moore seeks injunctive relief from the conditions of his confinement.

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court draws all facts from the complaint and any attached exhibits, which are deemed part of that pleading. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint generally become part of the pleading and a court may consider them in determining whether plaintiff has stated a valid claim).

3

In the second lawsuit above (12-cv-612-wmc), Moore alleges that on May 21, 2012, he was assaulted and tortured by his cellmate, who is a gang leader at WCI. On May 31, 2012, Moore was granted a single cell until July 30, 2012, when he was assigned to another cell with a new cellmate. Moore contends that he was assaulted by his new cellmate shortly thereafter on August 2, 2012. Moore contends that defendant Lori Alsum failed to protect him from harm and interfered with his need for a single cell assignment in retaliation for a lawsuit that he filed in 2009. Moore alleges further that defendant Belinda Schrubbe, who is the health services manager of the WCI Health Services Unit, has refused to help. Moore requests legal assistance and injunctive relief in the form of an order releasing him from prison.

In the third lawsuit (12-cv-714-wmc), Moore contends that his mail was interfered with in July 2012, as the result of a "false report" by Tobiaz. That report supposedly stated that Moore was "crazy" and a "threat to security." Moore maintains that this report placed his life in "imminent danger" because unidentified security personnel removed him from a single cell and assigned him "to the gang section," where he was assaulted by his new cellmate on August 2 and 13, 2012. Moore alleges that he requested help from defendants Captain O'Donovan and Warden Pollard, but that neither one believed him. Moore requests injunctive relief and compensatory damages to cover his litigation expenses and court fees.

In the fourth lawsuit (13-cv-138-wmc), Moore alleges that his life has been a "living hell" at WCI. Moore reports that he was verbally harassed and intimidated by two kitchen supervisors (defendants Rymarkiwicz and Heidlman) in July 2011. Moore

4

contends that defendant Rymarkiwicz later forced him to "quit" his kitchen job by giving him a false ticket. Tony Meli allegedly gave Moore another false ticket on January 19, 2012, resulting in Moore's continued lack of employment at WCI. Moore alleges that defendant Bauer has housed him with aggressive, unhygienic cellmates. Moore contends further that defendants Tobiaz, Alsum and Schrubbe have interfered with his need for a single cell. Moore adds that his personal property has been taken, his library privileges have been curtailed, and his mail has been tampered with as the result of a conspiracy against him by the Department of Corrections. Moore seeks injunctive relief or a writ of mandamus to stop defendants from interfering with his mail.

OPINION

Because Moore is incarcerated his complaints are governed by the Prison Litigation Reform Act (the "PLRA"). The PLRA precludes any inmate from bringing a civil action or appealing a civil judgment *in forma pauperis* if at least three of the inmate's prior lawsuits have been dismissed as frivolous, malicious, or for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(g). An exception exists only when an inmate demonstrates that he is in "imminent danger of serious physical injury."

Court records show that Moore has accrued more than three strikes for filing frivolous prisoner complaints: *Moore v. Dane County Clerk of Courts, et al.,* 09-cv-361-slc (W.D. Wis. July 20, 2009); *Moore v. Hayward, et al.,* 09-cv-363-slc (W.D. Wis. July 20, 2009); *Moore v. Bennett, et al.,* 09-cv-364-slc (W.D. Wis. July 20, 2009); *Moore v. Dane County Mental Health, et al.,* 09-cv-362 (W.D. Wis. July 21, 2009) (dismissing complaint

5

for failure to state a claim upon which relief may be granted).[2] As a result, Moore may proceed *in forma pauperis* only to the extent that his claims demonstrate an imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

To proceed under the imminent-danger exception, an inmate must articulate specific facts showing that a "threat" or risk of physical harm is both "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In addition, courts have uniformly held that the imminent-danger exception requires the risk of serious physical injury to exist at the time the complaint is filed. *See id.*; *see also, e.g., Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002) ("[I]t is clear from the face of the statute that the danger must exist at the time the complaint is filed."); *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3rd Cir. 2001) (en banc) (finding that the use of the present tense in § 1915(g)'s imminent danger exception indicates that "[t]he statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action"). Thus, allegations of past harm, or allegations of a past injury that has not recurred, do not fit within the imminent-danger exception for purposes of proceeding *in forma pauperis*. *See Ciarpaglini*, 352 F.3d at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

---

[2] While Moore asks this court to reconsider whether the three strikes against him are valid, his objections have already been denied by the district court that entered those strikes against him and he did not appeal the result. *See Moore v. Dane County Clerk of Courts, et al.*, Case Nos. 09-cv-361-slc, 09-cv-363-slc, 09-cv-364-slc (W.D. Wis. March 22, 2010). As a result of these strikes, Moore has been denied leave to proceed *in forma pauperis* in other cases. *See Moore v. Dep't of Corrections, et al.*, 10-cv-386 (W.D. Jan. 12, 2011); *see also Moore v. Zigler, et al.*, 09-cv-769-slc (W.D. Wis. Feb. 16, 2010); *Moore v. Sun Prairie Dep't of Social Svcs., et al.*, 09-cv-365-slc (W.D. Wis. July 28, 2009); *Moore v. State of Wisconsin, et al.*, 09-cv-366 (W.D. Wis. July 28, 2009).

Reviewed generously, each of Moore's complaints features a mixture of claims against multiple defendants with nary a common denominator. Most of the legal theories referenced by Moore do not entail the possibility of physical harm. For example, Moore complains repeatedly about interference with his mail, false conduct reports, inadequate access to the law library, denial of legal loans, loss of personal property, the loss of his job and lack of employment or access to vocational programs while incarcerated. Moore does claim that defendant Tobiaz has tortured him in 2009, and that other defendants (Alsum and Schrubbe) failed to protect him from harm by denying him a "single medical cell" assignment in August 2012. By including these claims together with other, unrelated incidents, it appears that Moore is attempting to circumvent restrictions found in the PLRA and the federal rules. In doing so, Moore has filed the type of "blunderbuss" or "buckshot complaint that would be rejected if filed by a free person." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). An evaluation of these assorted claims fails to disclose any specific allegation that Moore is currently incarcerated under conditions that pose an immediate threat to his safety for purposes of 28 U.S.C. § 1915(g).

To the extent that Moore claims that officials have failed to protect him from harm *in the past*, those allegations do not demonstrate that there is imminent danger of serious physical harm. *See Ciarpaglini*, 352 F.3d at 330; *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Although Moore claims he has been denied a single medical cell, he does not allege facts showing that a single cell is needed or that he is being denied treatment with deliberate indifference to an objectively serious medical

7

need.[3] *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Finally, Moore does not allege that he is currently celled with anyone who has caused harm or intends to cause him harm in the future. Moore does not otherwise provide specific facts showing that he is in imminent danger from an ongoing threat of serious harm. *See Ciarpaglini*, 352 F.3d at 330; *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (requiring an inmate to make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

Because Moore's pleadings are insufficient to meet the imminent-danger exception, his motions for leave to proceed *in forma pauperis* will be denied, just as similar complaints made by Moore have been held inadequate in this district. *See Moore v. State of Wisconsin, et al.*, 09-cv-366-bbc (W.D. Wis. July 28, 2009); *Moore v. Dep't of Corrections*, No. 10-cv-386-wmc (W.D. Wis. Jan. 12, 2011); *see also Moore v. Landers*, No. 09-cv-448-wmc (W.D. Wis. Sept. 10, 2010) (granting summary judgment in favor of defendants after Moore failed to provide specific facts, plausible arguments or proof that officers had failed to protect him from harm at Columbia Correctional Institution).

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney C. Moore's request for leave to proceed *in forma pauperis* in the above-referenced cases is DENIED.

---

[3] Moore explains that he had "experimental" gastric-bypass surgery thirty-five years ago, which - - much to the consternation of his cellmates - - has caused excessive flatulence.

2. The clerk's office is directed to CLOSE the above-referenced cases for administrative purposes and to terminate all other pending motions.

3. If Moore wishes to proceed with any of his complaints in the above-referenced cases, he must pay the full amount of the filing fee ($350.00) for that particular case within thirty days. In the event that Moore pays the filing fee for a particular case, his complaint in that case will be subject to further preliminary screening under 28 U.S.C. § 1915A. If he does not pay the fee within 30 days, his cases will be dismissed under Fed. R. Civ. P. 41(b).

Entered this 23rd day of April, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge