IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY C. MOORE,

                    Plaintiff,                                    ORDER

          v.                                                      12-cv-472-wmc

RYAN TOBIAZ, LIEUTENANT RYMARKIWICZ,
CAPTAIN BAUER, TONI MELI, DAWN LANDERS,
MARTHA BREEN, LORI ALSUM O'DONOVAN,
CAPTAIN O'DONOVAN, OFFICER PELKO,
WARDEN WILLIAM POLLARD, CAPTAIN HOLMS,
JEFFREY GARBELMAN, and MS. KAMHAIS,
                    Defendants.

---

RODNEY C. MOORE,

                    Plaintiff,                                    ORDER

          v.                                                      12-cv-612-wmc

LORI ALSUM, BELINDA SCHRUBBE,
CAPTAIN BAUER, CAPTAIN HOLMS,
WARDEN WILLIAM POLLARD, and
RYAN TOBIAZ,
                    Defendants.

---

RODNEY C. MOORE,

                    Plaintiff,                                    ORDER

          v.                                                      12-cv-714-wmc

WARDEN WILLIAM POLLARD,
JEFFREY GARBELMAN, RYAN TOBIAZ,
LORI ALSUM, TONI MELI, MS. KAMHAIS,
and CAPTAIN O'DONOVAN,
                    Defendants.

RODNEY C. MOORE,

                    Plaintiff,                                    ORDER

          v.                                                      13-cv-138-wmc

DEPARTMENT OF CORRECTIONS,
CAPTAIN BAUER, LORI ALSUM O'DONOVAN,
CAPTAIN O'DONOVAN, LIEUTENANT
HEIDLMAN, LIEUTENANT SCHNEIDER,
TONI MELI, WARDEN WILLIAM POLLARD,
N. KAMPHUIS, BELINDA SCHRUBBE,
 LIEUTENANT RYMANKIWIZ, SERGEANT
ANDREWS, AND OFFICER GAU,
                    Defendants.

          On April 23, 2013, the court ordered Moore to pay the filing fee in these cases
within thirty days after finding that (1) he is not eligible to proceed *in forma pauperis*
because he has more than three strikes for purposes of 28 U.S.C. § 1915(g); and (2) he
did not demonstrate that he was in "imminent danger of serious physical injury."  Moore
did not pay as directed and, therefore, his case was dismissed without prejudice pursuant
to Fed. R. Civ. P. 41(b).  Moore has now filed a notice of appeal and he requests leave to
proceed *in forma pauperis.*

          In determining whether a litigant is eligible to proceed *in forma pauperis* on appeal,
the court must find that he is indigent and, in addition, that the appeal is taken in good
faith for purposes of Fed. R. App. P. 24(a)(3).  *See* 28 U.S.C. § 1915(a)(3) ("An appeal
may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in
good faith.").   He has not provided a certified trust fund account statement in

2

compliance with the federal *in forma pauperis* statute.   *See* 28 U.S.C. § 1915(a)(2). Assuming that Moore is indigent, the court will not grant his motion or certify that the appeal is taken in good faith because it has already precluded him from proceeding *in forma pauperis* by the three-strikes rule found in 28 U.S.C. § 1915(g).   Accordingly, Moore's motion for leave to proceed without prepayment of the appellate docketing fee will be denied.

## ORDER

IT IS ORDERED that:

1. The court CERTIFIES that Rodney C. Moore's appeal in Case Nos. 12-cv-472-wmc, 12-cv-612-wmc, 12-cv-714-wmc and 13-cv-138-wmc is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3).
2. Moore's motion for leave to proceed *in forma pauperis* on appeal in these cases is DENIED.
3. Although this court has certified that the appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Moore is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, within thirty (30) days of the date of this order.

Entered this 31st day of May, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3